J-S30036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RUBEN GONZALEZ | |
| Appellant | No. 1077 EDA 2015 |

Appeal from the Judgment of Sentence March 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001498-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 10, 2016**

Appellant Ruben Gonzalez appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his open guilty plea to aggravated assault and conspiracy to commit aggravated assault.[1]  We affirm and grant counsel's petition to withdraw.

At his guilty plea hearing, Appellant stipulated to the following facts:

> [O]n October 24[,] 2012[,] the complaining witness, Christopher Corisdeo [("Victim"),] was high on PCP and walking down the [1900] block of East Dauphin Street…. [Victim] was flailing his arms and he [struck] one of the codefendants in the face.  That codefendant is Myleidi Rodriguez.  Ms. Rodriquez at the time was the girlfriend of [Appellant]….

---

[1] 18 Pa.C.S. §§ 2702(a) and 903(c), respectively.

As a result of witnessing that, [Appellant] along with several codefendants struck the victim. [V]ictim was knocked to the ground immediately. The defendants, Brandon Baez, Melvin Soto, Frank Justiniano, Aaron Webb, and Alex Webb proceeded to kick, punch, and stomp [Victim] in his face. [Victim] was dragged to an empty lot at the corner of Dauphin and Emerald Streets where the assault continued. Responding officers found [Victim's] body in a pool of blood. One of his eyes had fallen out of the socket. One of the codefendants, Mr. Frank Justiniano, was observed by witnesses and several of the codefendants gave statements saying that Mr. Justiniano picked up a cinder block at the end of the assault and dropped the cinder block on [Victim's] head.

Every bone in [Victim's] face was fractured. He had to have his entire face reconstructed with titanium plate. [H]e had over 18 hours [of] surgery and now two years later he still suffers serious side effects including seizures, …serious cognizant delays, memory issues, and depression.

N.T., Guilty Plea, 12/02/2014, at 7-8.

On January 11, 2013, a grand jury indicted Appellant with attempted murder, aggravated assault, robbery, possession of an instrument of crime, and conspiracy to commit those crimes. On December 2, 2014, Appellant completed a written guilty plea, and the court conducted an oral guilty plea colloquy. In exchange for pleading guilty to aggravated assault and conspiracy to commit aggravated assault, the other charges against Appellant were *nolle prossed*. Appellant indicated on his written guilty plea that he was aware he could go to prison for twenty (20) to forty (40) years.

On March 10, 2015, the court sentenced Appellant to six (6) to twenty (20) years' incarceration for aggravated assault and three (3) to twenty (20)

years' incarceration for conspiracy. The court imposed the sentences consecutively, resulting in an aggregate sentence of nine (9) to forty (40) years' incarceration.

On March 17, 2015, Appellant filed a motion to withdraw his guilty plea and for reconsideration of sentence, claiming he did not know his sentences could be imposed consecutively. On April 13, 2015, before the court had ruled on this motion, Appellant filed a motion to have his appellate rights re-instated *nunc pro tunc*, because he believed he had missed the deadline to file a timely appeal. That same day, the court reinstated Appellant's appellate rights *nunc pro tunc*, and Appellant filed a timely notice of appeal on April 14, 2015.[2] On April 15, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on April 20, 2015.

On October 26, 2015, Appellant's counsel filed a petition for leave to withdraw along with an **Anders** brief.

_____

[2] Neither the docket nor the certified record reflects that the court ruled on Appellant's motion to withdraw his guilty plea and for reconsideration of sentence. In its opinion, however, the trial court states: "The motions were denied." Trial Court Pa.R.A.P. 1925(a) Opinion, filed July 13, 2015, at 1. If the trial court did not rule on Appellant's post sentence motion, it would have been denied by operation of law July 15, 2015. **See** Pa.R.Crim.P. 720(B)(3)(a). Because the trial court indicated that it denied Appellant's motion and because it reinstated Appellant's appellate rights *nunc pro tunc*, we deem this appeal properly before us, despite the ambiguous procedural history.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa.2009). Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel must also provide a copy of the **Anders** brief to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super.2007), *appeal denied*, 936 A.2d 40 (Pa.2007). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in

- 4 -

fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super.2006).

Here, counsel filed a petition for leave to withdraw as counsel along with an ***Anders*** brief and a letter advising Appellant of his right to obtain new counsel or proceed *pro se* to raise any points he deems worthy of the court's attention in addition to the issues raised in the ***Anders*** brief. The petition states counsel determined there were no non-frivolous issues to be raised on appeal, notified Appellant of the withdrawal request, supplied him with a copy of the ***Anders*** brief, and sent him a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and his reasons therefor. ***See Anders*** Brief, at 7-9, 13-19. Accordingly, counsel has substantially complied with the technical requirements of ***Anders*** and ***Santiago***.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issues raised in the ***Anders*** brief:

> WHETHER [APPELLANT'S] GUILTY PLEA WAS A KNOWING
> AND VOLUNTARY PLEA[?]

> WHETHER THE TRIAL COURT SHOULD HAVE PERMITTED [APPELLANT] TO WITHDRAW HIS GUILTY PLEA WHERE IMMEDIATELY AFTER IMPOSITION OF SENTENCE AT THE BAR OF THE COURT [APPELLANT] ORALLY REQUESTED WITHDRAWAL[?]

*Anders* Brief at 6. [3]

Appellant claims the trial court abused its discretion by denying his motion to withdraw his guilty plea, after imposition of sentence, because he did not enter into it knowingly and voluntarily. We disagree.

This Court's scope of review of a trial court's ruling on a motion to withdraw a plea is to review the record of the plea and any post-sentence proceeding. *See Commonwealth v. Moser*, 921 A.2d 526, 528-530 (Pa.Super.2007). Our standard of review is whether the trial court abused its discretion. *Id.* at 530.

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa.Super.2013)

---

[3] Appellant also listed the following issue in the *Anders* Brief:

> WHETHER THERE IS ANYTHING IN THE RECORD THAT MIGHT ARGUABLY SUPPORT THE APPEAL THAT OBVIATES A CONCLUSION THAT THE APPEAL IS FRIVOLOUS[?]

*Anders* Brief at 6. This issue reflects counsel's request to withdraw, which we grant herein after a discussion of Appellant's other issues, *infra*.

(quoting *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa.Super.2010), *appeal denied*, 9 A.3d 626 (Pa.2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Id.* (quoting *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa.Super.1998)). No absolute right to withdraw a plea exists. *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa.Super.2002). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super.2008).

The standard for withdrawal of a guilty plea after the imposition of sentence is much higher than the standard applicable to a pre-sentence motion to withdraw. *Commonwealth v. Byrne*, 833 A.2d 729, 737 (Pa.Super.2003). A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw the plea. *Id.* "[D]isappointment by a defendant in the sentence actually imposed does not represent manifest injustice." *Id.* "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa.Super.2002); *see also* Pa.R.Crim.P. 590(a)(3). "Determining whether a defendant understood the connotations of his plea and its consequences

requires an examination of the totality of the circumstances surrounding the plea." ***Commonwealth v. Moser***, 921 A.2d 526, 529 (Pa.Super.2007).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa.Super.2005), *appeal denied,* 887 A.2d 1241 (Pa.2005); Comment to Pa.R.Crim.P. 590(A)(2). A written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. ***Morrison***, 878 A.2d at 108 (***citing*** Comment to Pa.R.Crim.P. 590). Even if "there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." ***Fluharty***, 632 A.2d at 315. Further, "where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." ***Moser***, 921 A.2d at 529.

Here, in denying Appellant's petition to withdraw his guilty plea, the trial court reasoned:

Appellant both signed the colloquy form, and later testified in court that he understood the terms of his plea. N.T., 12/02/2014, at 2. Appellant verbally verified that he understood the rights he was giving up. *Id.* at 3. He stated that he understood he was submitting an "open plea"[4] and that sentencing would be at the discretion of the judge following presentence and mental health evaluations. *Id.* at 2. He stated in the colloquy form and before this court that he understood that the sentence could be up to forty years' imprisonment. Colloquy, at 6; N.T., 12/2/2014, at 3. Appellant was questioned by this court prior to sentencing to ensure that he understood and accepted the terms of the plea arrangement. *Id.* at 3. He was sentenced in accordance with the sentencing guidelines, as well as within the range of possible sentences indicated in the colloquy form. Upon hearing that his sentences were to be served consecutively, Appellant immediately objected and indicated he would like to withdraw his guilty plea. N.T., 3/10/2015.

\* \* \*

It is the opinion of this court that the guilty plea was entered into with a full understanding of its terms. No manifest injustice is created by refusing to allow Appellant to use a guilty plea to "test the waters" of sentencing only to renege when an appropriate sentence within the sentencing guidelines is handed down.

_____

[4] We observe:

[i]n an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the prosecution's right to seek the maximum sentences applicable to those charges. At the other end of the negotiated plea agreement continuum, a plea agreement may specify not only the charges to be brought, but also the specific penalties to be imposed.

***Commonwealth v. Dalberto***, 648 A.2d 16, 20 (Pa.Super.1994) (quoting ***Commonwealth v. Porreca***, 567 A.2d 1044, 1047 (Pa.Super.1989), *rev'd on other grounds in* 595 A.2d 23 (Pa.1991)).

Trial Court Pa.R.A.P. 1925(a) Opinion, filed July 13, 2015, at 5, 6.

The trial court did not abuse its discretion in denying Appellant's request to withdraw his guilty plea that he entered into knowingly, intelligently, and voluntarily. In return for his open plea to aggravated assault and conspiracy, Appellant received the benefit of all other charges being *nolle prossed*. Appellant knew he could receive a maximum of 40 years' incarceration. Moreover, his minimum sentence of 9 years' incarceration is far less than what he could have received. Appellant cannot now escape the terms of the bargain into which he voluntarily entered.

Further, after an independent review of the record, we agree with Counsel that this appeal is wholly frivolous.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016

- 10 -